IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM RIGGS, | ) <br> ) Case No.: 1:20-cv-5822 <br> ) <br> ) Hon. Thomas M. Durkin <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Plaintiff, | |
| v. | |
| KROTO, INC., D/B/A ICANVAS, | |
| Defendant. | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND PROVISIONAL
CERTIFICATION OF SETTLEMENT CLASS**

This matter is before the Court on Plaintiff's motion for preliminary approval of the proposed class action settlement. Plaintiff, individually and on behalf of the proposed Settlement Class, and Defendant have entered into a Settlement Agreement and Release, dated June 1, 2021 ("Settlement Agreement") that, if approved, would settle the above-captioned Litigation. Having considered the motion, the Settlement Agreement together with all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, IT IS HEREBY ORDERED as follows:

1. The Court has jurisdiction over this Litigation, Representative Plaintiff, Defendant, and Settlement Class Members, and any party to any agreement that is part of or related to the Settlement Agreement.[1]

**PRELIMINARY APPROVAL**

2. The Court has reviewed the terms of the proposed Settlement Agreement, the

---

[1] Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Settlement Agreement.

exhibits and attachments thereto, Plaintiff's motion papers and brief, and the joint declaration of counsel and the Claims Administrator. Based on its review of these papers, the Court finds that the Settlement Agreement appears to be the result of serious, informed, non-collusive negotiations conducted with the assistance of experienced JAMS mediator Bruce Friedman, Esq. during a day-long mediation session on January 7, 2021, through which the basic terms of the settlement were negotiated and finalized. The Court further observes that the Settlement Agreement is the product of an informal exchange of fact discovery. The terms of the Settlement Agreement do not improperly grant preferential treatment to any individual or segment of the Settlement Class and fall within the range of possible approval as fair, reasonable, and adequate.

3. The Court therefore GRANTS preliminary approval of the Settlement Agreement and all of the terms and conditions contained therein.

**PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS**

4. Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for settlement purposes only, the Settlement Class defined in the Settlement Agreement as follows:

> All individuals residing in the United States who were sent an Incident Notice in or about June 2020, concerning the Data Incident that occurred between May 10, 2020 and May 28, 2020 and any Person asserting a right to a Released Claim through that individual.

5. The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a) for settlement purposes: the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the Settlement Class; the Representative Plaintiff's claims are typical of those of Settlement Class Members; and the Representative Plaintiff will fairly and adequately protect the interests of the Settlement Class.

6. The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3) for settlement purposes: the questions of law or fact common to the Settlement Class predominate over individual questions; and class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy.

7. The Court hereby appoints William Riggs as the Settlement Class representative.

8. The Court hereby appoints as Settlement Class Counsel Carl Malmstrom of Wolf Haldenstein Adler Freeman & Herz LLC and M. Anderson Berry of Clayeo C. Arnold, A Professional Law Corporation.

## NOTICE AND ADMINISTRATION

9. Pursuant to the Settlement Agreement, the Parties have designated Angeion Group, LLC (Angeion") as the Claims Administrator. Angeion shall perform all the duties of the Claims Administrator set forth in the Settlement Agreement.

10. The Court finds that the Class Notice and Notice Program set forth in the Settlement Agreement satisfy the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provide the best notice practicable under the circumstances. The Class Notice and Notice Program are reasonably calculated to apprise Settlement Class Members of the nature of this Litigation, the scope of the Settlement Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. The Court therefore approves the Class Notice and Notice Program and directs the parties and the Claims Administrator to proceed with providing notice to Settlement Class Members pursuant to the terms of the Settlement Agreement and this Order.

11. The Claims Administrator shall commence the Notice Program within the time required by Paragraph 4 of the Settlement Agreement.

12. The Court also approves the Claim Form attached as Exhibit A to the Settlement Agreement.

## EXCLUSION AND OBJECTIONS

13. Settlement Class Members who wish to exclude themselves from the Settlement Class may do so by notifying the Claims Administrator in writing, postmarked no later than September 21, 2021 (75 calendar days after entry of this Order). To be valid, each Request for Exclusion must be made in writing and: (a) state the Settlement Class Member's full name,

address, and telephone number; (b) contain the Settlement Class Member's personal and original signature or the original signature of a person authorized by law to act on the Settlement Class Member's behalf with respect to a claim or right such as those asserted in the Litigation, such as a trustee, guardian or person acting under a power of attorney; and (c) state unequivocally the Settlement Class Member's intent to be excluded from the Settlement. If a Settlement Class Member's Request for Exclusion covers a payment card that includes co-signers or co-holders on the same payment card account, the Settlement Class Member's Request for Exclusion shall be deemed to be properly completed and executed as to that payment card only if all co-signers or co-holders elect to and validly opt-out in accordance with the provisions of this Paragraph. All Requests for Exclusion must be submitted individually in connection with a Settlement Class Member; *i.e.*, one request is required for every Settlement Class Member seeking exclusion.

14. All Settlement Class Members who do not exclude themselves shall be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order and Final Judgment.

15. Settlement Class Members who wish to object to the Settlement may do so by submitting a written objection only to the Court in accordance with the procedures outlined in the Class Notice, postmarked no later than September 21, 2021 (75 calendar days after entry of this Order). The written objection must contain: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class; (iii) a statement as to whether the objection applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire class; (iv) a clear and detailed written statement of the specific legal and factual bases for each and every objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any counsel representing the objector; (vi) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying that counsel; (vii) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objections and

any documents to be presented or considered; and (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (if any).

16. Any Settlement Class Member who does not timely submit a valid, written objection in accordance with these procedures and the procedures detailed in the Class Notice and Paragraph 6 of the Settlement Agreement shall be deemed to have waived any objection, shall not be permitted to object to the Settlement, and shall be precluded from seeking any review of the Settlement Agreement and/or the Final Approval Order and Final Judgment by appeal or other means.

## FINAL APPROVAL HEARING

17. The Court will hold a Final Approval Hearing on October 29, 2021 at 9:00 a.m. in the United States District Court, Northern District of Illinois, 219 South Dearborn Street, Chicago, IL 60604.

18. At the Final Approval Hearing, the Court will consider whether: (a) the Settlement Agreement is fair, reasonable, and adequate; (b) the Settlement Class should be finally certified for settlement purposes only; (c) the Notice Program satisfies due process requirements; (d) Settlement Class Counsel's motion for attorneys' fees and costs should be granted; (e) the Service Award sought for Representative Plaintiff should be granted; (f) all claims in the First Amended Class Action Complaint should be dismissed with prejudice; (g) Defendant should be released and forever discharged; and (h) a Final Approval Order and Final Judgment should be entered.

19. The Court reserves the right to continue the date of the Final Approval Hearing without further notice to Settlement Class Members.

## DEADLINES

| Event | Date |
|---|---|
| Notice of Class Action Settlement completed as per Notice Program | September 1, 2021 |
| Class Counsel's Motion for Attorneys' Fees and Expenses Award and Representative Plaintiff's Service Award | August 31, 2021 |
| Opt-Out and Objection Deadline | September 21, 2021 |

| Motion for Final Approval | October 1, 2021 |
|---|---|
| Replies in Support of Motion for Final Approval and Motion for Attorneys' Fees and Costs | October 22, 2021 |
| Final Approval Hearing | October 29, 2021 at 9:00 a.m. |

20. All proceedings and deadlines in this matter, except those necessary to implement this Order and the settlement, are hereby stayed and suspended until further order of the Court.

21. All Settlement Class Members who do not validly opt-out and exclude themselves in accordance with the requirements of Paragraph 5 of the Settlement Agreement are hereby enjoined from pursuing or prosecuting any of the Released Claims, as set forth in Paragraph 3.1(b) of the Settlement Agreement, until further order of the Court.

22. In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement: (a) the Settling Parties shall be restored to their respective positions in the Litigation, and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or litigant, which extension shall be subject to the decision of the Court; and (b) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement, including certification of the Settlement Class for settlement purposes only, shall be treated as vacated, *nunc pro tunc*.

**IT IS SO ORDERED**.

DATED: __July 8, 2021_____     _____

                                                      HON. THOMAS M. DURKIN
                                                    UNITED STATES DISTRICT COURT JUDGE