IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM RIGGS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>KROTO, INC., D/B/A ICANVAS,<br><br>　　　　Defendant. | Case No. 1:20-cv-05822<br><br>Hon. Thomas M. Durkin |

**FINAL APPROVAL ORDER**

On July 8, 2021, the Court entered an order granting preliminary approval (the "Preliminary Approval Order") to the June 1, 2021 Class Settlement Agreement and Release ("Class Settlement Agreement") between Plaintiff William Riggs, individually and on behalf of the Settlement Class (as defined below) and Defendant Kroto, Inc., d/b/a iCanvas ("iCanvas" or "Defendant").[1]

Commencing on July 30, 2021, pursuant to the notice requirements in the Class Settlement Agreement and the Preliminary Approval Order, Angeion Group, LLC (the "Claims Administrator"), provided Notice to Settlement Class Members in compliance with Paragraph 4 of the Class Settlement Agreement and the Notice Program, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice:

(a) fully and accurately informed Settlement Class Members about the Litigation and the existence and terms of the Class Settlement Agreement;

(b) advised Settlement Class Members of their right to request exclusion from the Class Settlement Agreement and provided sufficient information so that Settlement Class Members were able to decide whether to accept the benefits offered, opt-out and pursue

---

[1] Capitalized terms used in this Final Approval Order shall have the same meanings as defined in the Class Settlement Agreement unless otherwise expressly stated.

their own remedies, or object to the proposed settlement;

(c) provided procedures for Settlement Class Members to file written objections to the proposed Class Settlement Agreement, to appear at the Final Approval Hearing, and to state objections to the proposed Class Settlement Agreement; and

(d) provided the time, date, and place of the Final Approval Hearing.

On October 29, 2021, the Court held a Final Approval Hearing to determine whether the proposed Class Settlement Agreement is fair, reasonable and adequate and whether judgment should be entered dismissing this Litigation with prejudice. The Court reviewed (a) the Motion for Final Approval (the "Motion") and all supporting materials, including but not limited to the Class Settlement Agreement; (b) any objections filed with or presented to the Court; and (c) the Parties' responses to any objections. The Court also considered the oral argument of counsel and any objectors who appeared. Based on this review and the findings below, the Court finds good cause to grant the Motion.

**IT IS HEREBY ORDERED:**

1. The Court has jurisdiction over the subject matter of this Litigation, all claims raised therein, and all Parties thereto, including the Settlement Class.

2. The Class Settlement Agreement is fair, reasonable, adequate and in the best interests of Settlement Class Members and satisfies the requirements of Federal Rule of Civil Procedure 23. The Class Settlement Agreement was negotiated at arm's-length, in good faith and without collusion, by capable and experienced counsel, with full knowledge of the facts, the law, and the risks inherent in litigating the Litigation, and with the active involvement of the Settling Parties. Moreover, the Class Settlement Agreement confers substantial benefits on the Settlement Class Members, is not contrary to the public interest, and will provide the Settling Parties with repose from the Litigation. The Settling Parties faced significant risks, expense, and/or uncertainty from continued litigation of this matter, which further supports the Court's conclusion that the Class Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class Members.

3. The Court grants final approval of the Class Settlement Agreement in full, including but not limited to the releases therein and the procedures for distribution of the Settlement Fund. All Settlement Class Members who have not excluded themselves from the Settlement Class are bound by this Final Approval Order.

4. The Parties shall carry out their respective obligations under the Class Settlement Agreement in accordance with its terms. The relief provided for in the Class Settlement Agreement shall be made available to the various Settlement Class Members through a Basic Award or by a Reimbursement Award to those submitting valid Claim Forms, pursuant to the terms and conditions in the Class Settlement Agreement. The Class Settlement Agreement is incorporated herein in its entirety as if fully set forth herein and shall have the same force and effect of an order of this Court.

## OBJECTIONS AND REQUESTS FOR EXCLUSION

5. No objections to the Settlement were submitted by Settlement Class Members. All persons who did not object to the Settlement in the manner set forth in the Class Settlement Agreement are deemed to have waived any objections, including but not limited to by appeal, collateral attack, or otherwise.

6. One person made a valid and timely request to be excluded from the Class Settlement Agreement and the Settlement Class and is identified in **Exhibit A** hereto (the "Opt-Out Member"). The Opt-Out Member is not bound by the Class Settlement Agreement and this Final Approval Order and shall not be entitled to any of the benefits afforded to Settlement Class Members under the Class Settlement Agreement.

## CERTIFICATION OF THE SETTLEMENT CLASS

7. Solely for purposes of the Class Settlement Agreement and this Final Approval Order and the Final Judgment, the Court hereby certifies the following Settlement Class:

> All individuals residing in the United States who were sent an Incident Notice in or about June, 2020, concerning the Data Incident that occurred between May 10, 2020 and May 28, 2020, and any Person asserting a right to a Released Claim through that individual.

8. The Court incorporates its preliminary conclusions in the Preliminary Approval Order regarding the satisfaction of Federal Rules of Civil Procedure 23(a) and 23(b). Because the Settlement Class is certified solely for purposes of settlement, the Court need not address any issues of manageability for litigation purposes.

9. The Court grants final approval to the appointment of Representative Plaintiff William Riggs as the Settlement Class Representative, and concludes that he has fairly and adequately represented the Settlement Class and shall continue to do so.

10. The Court grants final approval to the appointment of the law firms of Clayeo C. Arnold, A Professional Law Corporation and Wolf Haldenstein Adler Freeman & Herz LLC as Settlement Class Counsel. Settlement Class Counsel have fairly and adequately represented the Settlement Class and shall continue to do so.

## **NOTICE TO THE CLASS**

11. The Court finds that the Notice Program, set forth in the Class Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide due and sufficient notice to the Settlement Class regarding the existence and nature of the Litigation, certification of the Settlement Class for settlement purposes only, the existence and terms of the Class Settlement Agreement, and the rights of Settlement Class Members to exclude themselves from the Class Settlement Agreement, to object and appear at the Final Approval Hearing, and to receive benefits under the Class Settlement Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

## **INJUNCTIVE RELIEF**

12. For purposes of Injunctive Relief, the Court adopts and incorporates the definitions and meanings of the defined terms set forth in the Class Settlement Agreement. The terms of this Injunctive Relief section reflect Paragraph 2.7 of the Class Settlement Agreement and shall not be construed to impose any obligations or requirements in addition to those set forth in the Class Settlement Agreement. Specifically, Defendant shall, within ninety (90) days of the Effective

Date, if it has not already done so, further develop, implement, and maintain a comprehensive information security program that is reasonably designed to protect the security, integrity, and confidentiality of Personal Information that Defendant collects or obtains from Consumers (collectively, the "ISP"). The Defendant's ISP shall be written and shall contain administrative, technical, and physical safeguards appropriate to: (i) the size and complexity of Defendant's operations; (ii) the nature and scope of Defendant's activities; and (iii) the sensitivity of the Personal Information that Defendant maintains. Defendant may satisfy the requirement to implement and maintain the ISP through review, maintenance, and, as necessary, updating of an existing information security program or existing safeguards to ensure that the ISP is operating in a manner reasonably calculated to prevent unauthorized access to or unauthorized use of Personal Information; and upgrading information safeguards as necessary to limit risks.

Defendant will implement, if it has not already done so, the following as part of its ISP:

(a) Defendant shall employ an executive or officer with appropriate credentials, background, and expertise in information security who shall be responsible for overseeing the implementation and maintenance of the ISP;

(b) Defendant shall provide security awareness and privacy training to all of Defendant's personnel whose jobs involve access to Defendant's network or responsibility for Personal Information appropriate to the personnel's job responsibilities and functions;

(c) Defendant's ISP shall be reasonably designed and implemented for the appropriate handling and investigation of Security Events involving Personal Information collected from Consumers;

(d) Defendant shall comply with Payment Card Industry Data Security Standards (PCI DSS) and must provide proof to Settlement Class Counsel within 90 days of the Effective Date of the Class Settlement Agreement, that PCI annual assessment was completed;

5

(e) Defendant shall maintain an appropriate system to collect logs and monitor network activity to ensure that Security Events are reviewed and that appropriate follow-up and remediation are taken with respect to Security Events;

(f) Defendant shall, to the extent technically feasible, implement reasonable controls to manage the access of any device attempting to connect to Defendant's environment through hardware or software tools such as firewalls, authentication credentials, or other such access-restricting mechanism;

(g) Defendant shall require two-factor authentication both for Defendant's system administrator accounts and for remote access to Defendant's network; and

(h) Defendant shall implement and maintain a risk-based penetration testing program reasonably designed to identify, assess, and remediate potential security vulnerabilities within Defendant's environment. Such testing shall occur on at least an annual basis.

### **ATTORNEYS' FEES AND COSTS, SERVICE AWARDS**

13. The Court awards Settlement Class Counsel $126,588.00 in attorneys' fees and reimbursement of $8,421.47 in expenses. The Court finds these amounts to be fair and reasonable. Payment shall be made from the Settlement Fund pursuant to the procedures in paragraph 9.3 of the Settlement Agreement.

14. The Court awards $5,000 to Mr. Riggs as a service award for his service as a class representative. The Court finds this amount is justified by his service to the Settlement Class. Payment shall be made from the Settlement Fund pursuant to the procedures in paragraph 9.3 of the Settlement Agreement.

## RELEASE

15. Each Settlement Class Member, including Representative Plaintiff, are: (1) deemed to have completely and unconditionally released, forever discharged and acquitted Defendant and the Released Parties from all claims arising out of or asserted in the Litigation and all Released Claims released under the Class Settlement Agreement (including Unknown Claims); and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims. The full terms of the release described in this paragraph are set forth in Paragraphs 1.33-1.34 and 8.1-8.2 of the Class Settlement Agreement and are specifically approved and incorporated herein by this reference (the "Releases"). In addition, Representative Plaintiff and Settlement Class Members are deemed to have waived: (i) the provisions, rights, and benefits conferred by California Civil Code § 1542, which provides that a general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party; and (ii) any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States which is similar, comparable, or equivalent to California Civil Code § 1542.

16. The Class Settlement Agreement and this Final Approval Order and Judgment apply to all claims or causes of action settled under the Class Settlement Agreement, and binds Representative Plaintiff and all Settlement Class Members who did not properly request exclusion. The Class Settlement Agreement, this Final Approval Order, and the Final Judgment shall have maximum *res judicata*, collateral estoppel, and all other preclusive effect in any and all causes of action, claims for relief, suits, demands, petitions, or any other challenges or allegations that arise out of or relate to the subject matter of the Litigation and/or the Complaint.

## OTHER PROVISIONS

17. The Settlement Fund, consisting of Three Hundred and Eighty-Three Thousand Six-Hundred Dollars and no cents ($383,600.00), shall be used to pay all Settlement Costs as described in Paragraphs 1.42.

7

18. If any money remains in the Settlement Fund after the payment of all Settlement Costs, the Parties shall return to the Court seeking direction as to the disposition of these funds, including the selection of a *cy pres* recipient, pursuant to Paragraph 7.9 of the Class Settlement Agreement.

19. The Class Settlement Agreement and this Final Approval Order, the Final Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the Settlement, are not, and shall not be construed as, used as, or deemed evidence of, any admission by or against Defendant of liability, fault, wrongdoing, or violation of any law, or of the validity or certifiability for litigation purposes of the Settlement Class or any claims that were or could have been asserted in the Litigation.

20. The Class Settlement Agreement and this Final Approval Order, the Final Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the Settlement shall not be offered or received into evidence, and are not admissible into evidence, in any action or proceeding, except that the Class Settlement Agreement, this Final Approval Order, and the Final Judgment may be filed in any action by Defendant or the Settlement Class Members seeking to enforce the Class Settlement Agreement or the Final Approval Order and Final Judgment.

21. Consistent with Paragraph 10.3 of the Settlement Agreement, if the Effective Date does not occur, the following will occur: (a) the Settling Parties shall be restored to their respective positions in the Litigation, and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or litigant, which extension shall be subject to the decision of the Court; and (b) the terms and provisions of the Class Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Class Settlement Agreement, including certification of the Settlement Class for settlement purposes only, shall be treated as vacated, *nunc pro tunc*.

22. Without affecting the finality of this Final Approval Order, the Court will retain jurisdiction over this Litigation and the Parties with respect to the interpretation, implementation and enforcement of the Class Settlement Agreement for all purposes.

23. Through the forthcoming Final Judgment, the Court shall dismiss the Litigation in its entirety with prejudice, and without fees or costs except as otherwise provided for therein.

**IT IS SO ORDERED**.

DATED: October 29. 2021

*Thomas M Durkin*

HON. THOMAS M. DURKIN
UNITED STATES DISTRICT COURT JUDGE